NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0474n.06

Case No. 20-4307

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MARIA MULUL-GUTIERREZ, | ) ) ) | **FILED**<br>Oct 20, 2021<br>DEBORAH S. HUNT, Clerk |
| Petitioner, | ) ) | |
| v. | ) ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) ) | |
| Respondent. | ) ) | O P I N I O N |

Before: SUTTON, Chief Judge; McKEAGUE and WHITE, Circuit Judges.

McKEAGUE, Circuit Judge.  Maria Mulul-Gutierrez, a native citizen of Guatemala, seeks review of a Board of Immigration Appeals order denying her application for asylum.  The Board concluded that Mulul-Gutierrez could reasonably relocate within Guatemala to escape harm. Because the record does not compel a contrary conclusion, we deny the petition for review.

I.

Petitioner Maria Mulul-Gutierrez is a native citizen of Guatemala who entered the United States without authorization in February 2013.  During removal proceedings, Mulul-Gutierrez applied for asylum, withholding of removal, and protection under the Convention Against Torture based on her religion and membership in a particular social group, which she identified as "Catholic youth ministers in Guatemala who work with gang members and other at-risk youth." A.R. at 84.

Mulul-Gutierrez testified at a merits hearing in support of her requested relief. Her testimony revealed that in 2005, at the age of 14, Mulul-Gutierrez joined a youth group in her hometown with the Charismatic Catholic Renewal movement. Led by their pastor, members of the youth group would travel to a nearby city a few times a week to preach the gospel to members and former members of the 18th Street gang, one of the two principal transnational gangs in Central America. The pastor of the youth group wanted to preach to gang members because "hurting and killing people is not good[.]" *Id.* at 90. The group preached that the gang members needed to "believe [in God] and repent themselves, and don't kill because that is a sin." *Id.* at 111.

For nearly eight years, Mulul-Gutierrez preached in the city without any threats of harm. But that changed in December 2012 and January 2013 when the gang threatened her on two occasions. On the first occasion, seven gang members came to her house and told her that they wanted her to stop preaching the word of God. Four weeks later, on January 10, 2013, the same gang members again came to her door. This time, they had a pistol. They told her that they did not like her preaching and threatened to kill her if she continued. Mulul-Gutierrez believed that the gang did not like the group preaching because "they like to do harm, and we [didn't] want them to do the harm[.]" *Id.* at 93.

Mulul-Gutierrez fled to the United States soon after the gang members threatened her the second time. She told her pastor about the incident, who had also been threatened by the gang. But she did not call the police because she believed that the police were corrupt and would not do anything. She also testified that the police fear the 18th Street gang because they kill police officers. Mulul-Gutierrez testified that she fears the gang members will harm her if she returns to Guatemala. She also stated that, if she were forced to relocate within Guatemala, she would be lonely away from her mother.

The Immigration Judge denied Mulul-Gutierrez's applications for asylum, withholding of removal, and protection under the Convention Against Torture. The Immigration Judge found, among other things, that Mulul-Gutierrez did not have a well-founded fear of future persecution because she could reasonably relocate within Guatemala to escape the seven gang members she fears. *See* 8 C.F.R. § 1208.13(b)(2)(ii). The Immigration Judge also held that she failed to establish a nexus between a protected class and her fear of future persecution. The Board of Immigration Appeals affirmed. The Board found no persuasive evidence that the gang members were motivated to harm Mulul-Gutierrez on account of her religion or membership in a particular social group. It also agreed with the Immigration Judge that Mulul-Gutierrez could reasonably relocate within Guatemala. Mulul-Gutierrez now petitions this Court for review of the Board's decision.

## II.

Mulul-Gutierrez seeks review of the Board's order affirming the denial of her application for asylum. She does not raise arguments regarding her applications for withholding of removal or protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252 to review the Board's decision. We defer to administrative factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

The Attorney General may grant asylum to an applicant who establishes that she is a "refugee." *Id.* § 1158(b)(1). To establish that the applicant is a "refugee," the applicant must show that she "is unable or unwilling to return to her home country because of past persecution or a 'well-founded fear' of future persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010) (quoting 8 U.S.C. § 1101(a)(42)(A)). An "applicant does not have a well-founded

fear of persecution if [she] could avoid persecution by relocating to another part" of her home country if expecting her to relocate would be reasonable under the circumstances. 8 C.F.R. § 1208.13(b)(2)(ii). The "applicant has the burden of demonstrating that relocation is unreasonable." *Singh v. Sessions*, 683 F. App'x 463, 467 (6th Cir. 2017) (citing 8 C.F.R. § 1208.13(a)).

Here, the Board determined that Mulul-Gutierrez could reasonably relocate within Guatemala to escape the seven gang members she fears. The record does not compel a contrary conclusion. Mulul-Gutierrez testified that she could not move somewhere else in Guatemala because she thinks the gang members will look for her. However, there is no evidence in the record to suggest that the seven gang members "have the inclination or the ability to track [her] down if [she] relocated to another part of" Guatemala. *Id.* at 467–68; *see also Gallegos-Alvarez v. Sessions*, 750 F. App'x 428, 432 (6th Cir. 2018) ("Although [the petitioner] testified that she was afraid to relocate because of [the gang's] connections, she offered no evidence that [the gang] is currently looking, or will look, for her if she returns.").

While Mulul-Gutierrez stated that she would be lonely living away from her mother if she relocated within Guatemala, this testimony does not compel a finding that relocation would be unreasonable. As the Board found, Mulul-Gutierrez showed the resolve to journey to the United States, a great distance away from Guatemala. That fact undermines any finding of unreasonableness in expecting Mulul-Gutierrez to move away from her mother within Guatemala.

Finally, there is no evidence that her religious activity would make her a "target for persecution" in another part of Guatemala. *Singh*, 683 F. App'x at 468. Mulul-Gutierrez has not met her burden of showing that relocation within Guatemala would be unreasonable under the

circumstances. *See id.*; 8 C.F.R. § 1208.13(b)(2)(ii). Thus, the record does not compel a finding

of a well-founded fear of persecution upon return to Guatemala. Her asylum claim therefore fails.

We deny the petition for review.